MORGAN *vs.* ANDARIESE.

*In the matter of the Estate of* JOHN ANDARIESE, *deceased.*

IF a portion of a decree be appealed from and reversed, the remainder stands, except so far as it may be necessarily affected by the reversal of the part. In such a case, upon final accounting, the whole accounting is not opened, but the accounts as settled by the Surrogate, will be altered only *pro tanto*, to the extent necessary to carry out the decree of the Surrogate, as modified by the decree above.

　　A. THOMPSON, *for the Executors.*
　　A. NASH, *for Legatees.*

THE SURROGATE. This was a case of final accounting, the legatees and next of kin being all cited to come in and attend the settlement. On the return of the citation, Mr. Nash appeared for David Morgan, Jonathan Wilt, George Corbitt, and their respective wives, and filed objections, claiming, among other things, that the $3400, mentioned in the will as sums to be deducted from the shares of John, Nicholas, and William, and deducted by the executors from the assets as set forth in schedule B, annexed to the accounts, should be charged as assets ; and also objecting to the item of $1360, claimed to be deducted in schedule B, as part of the debts not collected, being the amount of Nicholas Andariese's bond and mortgage, alleged by the executors to have been released by the legatees. These are the 3d and 5th objections to the account, filed 31st July,

1846. The 3d objection does not seem to have been presented to the Auditor to whom the accounts were referred; and he reported on the item to which that objection related, sustaining it as a credit to the executors. In the exceptions filed to his report by Mr. Nash, for the same parties, the bond and mortgage are not referred to.

On the 9th of December, 1846, Surrogate McVean made his decree, confirming the Auditor's report, as to the account, except as to the subject matter of the fifth objection, and with a modification in that respect, adopting the Auditor's report as part of his decree. The Surrogate also made a summary statement of the accounts of the executors, as adjusted, and finally settled, and allowed, and which composed part of his decree of final settlement, in which the amount of the bond and mortgage released, $1360, is credited to the executors. It is obvious, therefore, that the objection first made to this credit, was subsequently not insisted upon, either before the Auditor or the Surrogate; and that the item was passed upon both by the Auditor, and by the Surrogate in his final decree. No appeal was taken from any part of the decree by these parties, and the executors only appealed from the part of the decree relating to the $3400.

Where a portion of a decree is appealed from and reversed, the rest of the decree of course stands, except so far as it is necessarily modified by the reversal of the part.

If the entire decree had been reversed, the case would, of course, be in the same position as it was in before the decree was made. But in the case now before me, the decree has not been appealed from by either party, except as to a single set of items. In other respects, all parties were satisfied with it, or what is the same, they are estopped from impeaching it now, since they have allowed the time for appeal to elapse.

The only question for me to consider, therefore, is, how far the decree of the Supreme Court, that the $3400 did not compose part of the assets of the estate, necessarily

should lead to an alteration of the Surrogate's decree. This reversal being only of a certain limited part, does not open the whole case, or affect other portions of the accounts not appealed from. In other words, the whole adjustment and settlement of the accounts, as made by the Surrogate, stand precisely the same as before, except so far as the judgment of the Supreme Court, that the $3400 are not assets, modifies or alters the state of the account. Every thing else has been passed upon by the Surrogate, and acquiesced in by the parties. It seems to me, therefore, that all I have now to do, is to give to the executors the credit of $3400, which the Surrogate refused them, and having ascertained the balance in their hands, as modified by that change in the account, decree distribution accordingly. If the parties who contested the settlement of these accounts, can go *de novo* into the item of $1360, and the equities they claim in regard to the release of the mortgage, they can contest just as well every other item in the account; and then the whole case might be opened, and litigated over again. I cannot think this the proper course. The credit of $1360, now objected to, has been passed upon, and every other question presented, or which might have been presented on the accounting, relating legitimately to this matter, is met by this decree, except so far as it has been reversed. If the parties who signed the release were led to do so, in the expectation of the executors being liable for the $3400, and are now disappointed in that expectation, they should have appealed from the whole decree, or so much of it as would have kept open their right to present that question to the Court above. As the case now stands, their contest as to the item of $1360, has not been so continued as to be concurrent with the contest on the other item; and the two subjects not being necessarily or incidentally involved, or dependent upon each other, the Surrogate's decree is final on one, and not on the other, having been reversed as to the latter. It follows that the Surrogate's decree having been appealed

from as to certain particular items, and the Supreme Court having found it incorrect only *pro tanto*, I must now enter an order modifying the statement of the accounts so far as they are affected by the decision of the Supreme Court, and upon the same basis, must alter the decree of distribution.

The question involved in the appeal to the Supreme Court, was entirely a question of law, and there can, therefore, be no reason in this case, why such an alteration of the original decree should not be immediately made. Had a matter of fact, however, been connected with the subject of the appeal, I am inclined to think a *simple* reversal of a portion of the decree would, as to *that single matter*, have opened the accounting. (*Harvey* vs. *Richards*, 2 *Gallison*, 216.) The Supreme Court have not, however, made a simple decree of reversal, but have directed the Surrogate to enter a decree in accordance with the report of the Auditor. It has been doubted whether on appeal, the Appellate Court possess the power exercised in the direction just adverted to. The present case not involving any question of fact, and the direction of the Supreme Court being such as I should naturally follow of my own motion, on their ruling of the law, it is not necessary to examine the jurisdiction of that Court on appeal, nor to review the arguments presented by the counsel on that point. The conclusion I arrive at, is, that a decree substantially like that proposed by the executors, should now be entered. The details can be adjusted on settlement.